IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE ROBERT N. BREWER FAMILY FOUNDATION | ) ) ) | |
| Plaintiff, | ) ) ) | CASE NO. 2:18-cv-915-ALB |
| v. | ) ) | |
| REX LARRY HUGGINS, as TRUSTEE OF THE CHRISTINE C. BREWER REVOCABLE TRUST, and individually | ) ) ) ) ) | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Rex Huggins' ("Defendant") motion to set aside the Court's order. *See* Doc. 51. Defendant was previously ordered to render relief to the Robert N. Brewer Family Foundation ("Plaintiff") because he did not respond to an order to show cause. *See* Doc. 50. Now, Defendant moves to strike the Court's prior order claiming excusable neglect. Upon consideration, the motion is due to be DENIED.

## BACKGROUND

On September 5, 2019, Plaintiff filed a motion requesting relief from the Court, including an order directing Defendant to reimburse the trust assets for disbursements made to pay his lawyer. Plaintiff argued that Defendant did not

provide required written notice before it used those assets to defend himself. On the following day, September 6, this Court ordered that Defendant show cause by September 26 why Plaintiff's motion should not be granted. The 26th came and went. The Court allowed Defendant more than double the time originally offered and finally, on October 18, the Court entered an order directing Defendant to disburse funds. Then, on October 21, Defendant responded by filing a motion to set aside the Court's October 18 order, arguing that his lawyer thought a response had been filed.

## **STANDARD**

The Court will apply Rule 60(b)(1) of the Federal Rules of Civil Procedure, which states that an order of the court may be set aside for "mistake, inadvertence, surprise, or excusable neglect." Defendant has here claimed excusable neglect. In order to set aside an order on the basis of excusable neglect, courts in the Eleventh Circuit come to an equitable determination, taking into account the totality of the circumstances surrounding the omission. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007).[1] The circumstances considered are "the danger of

---

[1] The Court notes that although Defendant claims excusable neglect, a reason that normally finds its application in setting aside orders of dismissal, the order in this case was technically an injunction. Although the Court analyzes this plea for relief under the generous standard used for 60(b)(1) motions in the context of a dismissal, it is important to note that the standard for setting aside orders of injunction is far less pliable. In the context of injunction, it is the law in this Circuit that the discretion of District Courts to order such injunctions will not be disturbed unless in cases of "clear abuse." *Reliable Transfer Co. v. Blanchard*, 145 F.2d 551, 552 (5th Cir. 1944). To put a finer point on it, the injunction stands "unless there has been a plain disregard of the law or of some settled rule of equity which should govern the issuance of injunctions so that it appears

prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993)).

## **DISCUSSION**

Defendant's motion to set aside the order of this Court provides no reason for failing to respond to the Court's show cause order. The only sentence in the motion that offers anything approaching a reason is the final sentence: "the undersigned believed it had been filed and was surprised by this Court's order indicating that it had not." The necessary inquiry is whether "believ[ing] it had been filed" constitutes excusable neglect.

Usually, the Eleventh Circuit provides parties with a great deal of flexibility about late filings and has a broad view of what it considers an acceptable "reason for the delay." An excuse as simple as a "breakdown in communication" between attorneys handling the case can excuse missing filing deadlines and justify setting aside orders. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th

---

clearly that the injunction is issued improvidently…" *Texas Traction Co. v. Barron G. Collier*, 195 F. 65, 66 (5th Cir. 1912).

Cir. 1996) (holding that neglect was excusable where a secretary forgot to tell an attorney about the deadline for filing a demand for a trial de novo after an arbitration award).

But this charitable attitude vanishes with some rapidity when a court has issued an order requiring that a response be filed and prescribing a result for a failure to do so. *See Allen v. Dockery*, 295 F. App'x 335, 339 (11th Cir. 2008) (holding that the same "breakdown in communication" excuse would not be viable in a situation where "the deadline…missed was imposed by a court order that explicitly warned…that a failure to comply would result in the dismissal of his case"). In general, there is little sympathy where the deficiency has been explicitly brought to the attention of the party in question. *See Norment v. Newton Cty. Sheriff's Dep't*, 352 F. App'x 316, 318 (11th Cir. 2009) (relief was not available for a party that, as a result of a clerical error, failed to file a statement of facts, because this lack of filing had been brought to their attention).

In light of this case law, the totality of the circumstances weighs against Defendant here. There was not a great deal of prejudice to Plaintiff from Defendant's non-response to the Court's order. Nor did the delay adversely impact judicial proceedings. But a one-month delay between the filing deadline and the actual filing is nonetheless substantial, especially when Defendant responded only because the

Court ruled. And the Court's show-cause order expressly warned that the motion would be granted if it were not opposed during the relevant time period.

Most importantly, Defendant has given no reason whatsoever for not responding to the Court's show-cause order, not even a brief statement about a miscommunication or accident. The Court is left to speculate about the reason for Defendant's cavalier approach to legal requirements. The Court notes that Defendant's failure to respond to the Court's show-cause order is similar to his failure to provide the relevant notice under Florida law for using trust assets to pay his attorneys fees. Perhaps, therefore, the root of the problem is that Defendant simply does not take seriously his duties as a trustee. If so, Defendant needs to change his attitude.

Finally, the Court has reviewed Defendant's belated response to the Court's order to show cause and finds its arguments on-the-merits unpersuasive. Plaintiff is correct that Defendant should have given the beneficiaries of the trust notice before he began using trust assets to defend himself in this lawsuit. *See* Fla. Stat. § 736.0802(10).

## **CONCLUSION**

Accordingly, the Court ORDERS as follows:

1. Defendant's motion to set aside judgement is DENIED.

2. Defendant **SHALL REIMBURSE** the Christine C. Brewer Trust for all attorneys' fees and costs of this litigation paid from the outset of the litigation through July 30, 2019. *See* Doc. 50. This reimbursement will be made by January 13, 2020 and confirmation of the reimbursement will be provided to Plaintiff on or before that same date.

3. Defendant **SHALL PAY** to Plaintiff the amount of $4,722.50 for attorney's fees associated with filing the motion to which Defendant did not respond. *See* Doc. 54. This payment will also be made by January 13, 2020.

4. Because Plaintiff has now received written notice of Defendant's intent to pay costs and attorney's fees from the trust, Fla. Stat. § 736.0802(10), Defendant has complied with that aspect of Florida law and may pay fees and costs from the trust assets from July 30, 2019 going forward.

**DONE** and **ORDERED** this 16th day of December 2019.

       /s/ Andrew L. Brasher
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE